*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

ALL FILINGS FROM:

<u>LATESIA ALLEN V. WAL-MART STORES EAST, LP</u>
STATE COURT OF CLAYTON COUNTY
CAFN: 2023CV01005

Exhibit "A"

e-Filed 4/28/2023 6:15 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LATESIA ALLEN, <br><br> **Plaintiff** <br><br> **vs.** <br><br> WAL-MART STORES EAST, LP; ABC <br><br> CORPS #1-3; AND JOHN DOES #1-3 <br><br><br> **Defendants.** | **CASE ACTION** <br> **FILE NO.:** 2023CV01005 <br><br><br> **JURY TRIAL DEMANDED** |

### COMPLAINT FOR DAMAGES

Plaintiff LATESIA ALLEN ("Plaintiff") sues Defendant and alleges:

#### Parties, Jurisdiction, & Venue

1.   Plaintiff is a Georgia resident.

2.   Defendant WAL-MART STORES EAST, LP ("Defendant") is a domestic profit corporation, with a registered agent for service of process, The Corporation Company (FL), located at 106 Colony Park Dr Ste 800-B, Cumming, GA 30040-2794 in  County. Service of process can be perfected upon Defendant at that address.

3.   Pursuant to Article VI, § II, ¶ VI of the Georgia Constitution, and O.C.G.A. § 14-2-510, venue is proper because the cause of action originated in Clayton County.

4.   Defendant, ABC CORPS. #1-3, are unidentified business entities which are potential, third-party, joint tortfeasors. Defendants ABC CORPS #1-3 are business entities which owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of Defendant's business establishment and may have contributed to the negligence that injured Plaintiff. If and when entity Defendants ABC CORPS #1-3 are identified,



DEFENDANT'S EXHIBIT

A

Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

5.   Defendant JOHN DOE #1 is a resident of Georgia and is the unidentified manager on duty of Defendant WAL-MART STORES EAST, LP's business establishment at the time of the alleged incident at issue in this case. Defendant JOHN DOE #1 had the authority and right to control the mode and manner of operations of the business located at , Riverdale, GA on the date of incident and at all relevant times and as such is a joint tortfeasor. Defendant JOHN DOE #1's authority and control over operations included, but was not limited to, control over the manner in which safety procedures and protocols were implemented and enforced. The legal name of Defendant JOHN DOE #1 is known by WAL-MART STORES EAST, LP. When Defendant JOHN DOE #1 is identified by WAL-MART STORES EAST, LP, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

6.   Defendants JOHN DOES #2-3 are unidentified individuals who are potential, third-party, joint tortfeasors. Defendants JOHN DOES #2-3 either owned, managed, operated, maintained, serviced, cleaned, secured, or repaired some aspect of WAL-MART STORES EAST, LP's business establishment and may have contributed to the negligence that injured Plaintiff. If and when Defendants JOHN DOES #2-3 are identified, Plaintiff will timely amend his pleading and cause a Summons and Complaint to be properly served.

<u>Facts Common to Counts I & II</u>

7.   At all material times, Defendants owned, managed, operated or otherwise provided services for a business open to the public and located at , Riverdale, GA (the "Premises").

8.  On or about August 14, 2022, Plaintiff was lawfully on the Premises as an invitee when Plaintiff slipped or tripped and fell on a dangerous condition which caused Plaintiff to be injured (the "Incident").

9.  Defendants negligently caused Plaintiff's injuries.

10. At all relevant times, Plaintiff exercised reasonable care for Plaintiff's own safety.

11. As the direct and proximate result of Defendants' negligence, Plaintiff fell and suffered bodily injuries; pain and suffering; expenses of medical care, diagnosis, and treatment; aggravation of a pre-existing condition; loss of consortium; lost capacity for the enjoyment of life; lost ability to work; and other economic damages including, without limitation lost wages. Plaintiff's economic and non-economic damages are continuing in nature and Plaintiff will continue to incur general and special damages in the future.

12. As the direct and proximate result of Defendants' negligence, Plaintiff suffered, continues to suffer, and may recover, general and special damages as allowed by applicable law.  Plaintiff will continue to incur such losses in the future.

## Count I: Active Negligence

13. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

14. At all material times, Defendants controlled the mode, manner, and means by which they operated the Premises. Under Defendants' mode, manner, and means of operating its business, fall risks were reasonably foreseeable.

15. Defendants' chosen mode and manner of operation of the Premises required that Defendants implement safety procedures to mitigate or eliminate foreseeable risks of falls and resulting injuries.

16.     Defendants owed its customers a duty to use ordinary care to guard against foreseeable risks of harm caused by Defendants' mode, manner, and means of operating the Premises.

17.     Defendants have a duty to develop, implement, maintain, comply with and enforce a safety program or appropriate safety measures, including adequate inspection procedures, to protect customers from the foreseeable risks of harm, including fall risks arising from the operation of the Premises.

18.     Defendants breached their duty to Plaintiff by negligently failing to exercise reasonable care to protect him from foreseeable risks of harm.

19.     While operating the Premises, Defendants negligently failed to exercise reasonable care to protect Plaintiff from foreseeable risks of harm in one or more of the following ways:

(i)     Defendants failed to maintain a safety protocol to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

(ii)    Defendants' safety program was inadequate to protect customers from the foreseeable risk of injuries caused by a slip or trip and fall;

(iii)   Defendants negligently failed to comply with and enforce its inspection protocols or procedures;

(iv)    Defendants negligently failed to train their employees, contractors, agents and/or representatives to properly implement their safety program;

(v)     Defendants failed to supervise their employees, contractors, agents and/or representatives to ensure compliance with their safety program; and/or

(vi)    Defendants failed to warn Plaintiff of the inherent and foreseeable risk of falls and injuries arising from Defendants' chosen mode, manner, and means of

operating its business.

20. Defendants' failure to exercise reasonable care in their operations of the Premises caused a dangerous condition that created a fall risk and caused Plaintiff to fall and suffer injuries.

21. Defendants' negligent operation of the Premises directly and proximately caused Plaintiff's injuries.

22. Defendants are vicariously liable for the negligent acts and omissions of their employees, contractors, agents and representatives, committed during the course and scope of their employment and in furtherance of Defendants' business. Defendants' employees, contractors, agents and representatives include, but are not limited to, Defendants JOHN DOE #1-3.

23. Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

## **Count II: Premises Liability**

24. Plaintiff repeats and realleges paragraphs **[1 through 12]** above, verbatim.

25. At all material times, Defendants owned, occupied and was otherwise in possession and control of the Premises.

26. At all material times, Defendants owed a non-delegable duty to exercise ordinary care to maintain the Premises and its approaches in reasonably safe condition.

27. Defendants' duty of care included:

      a.   Inspecting the Premises for hazardous conditions including static conditions and passive defects that posed a slip / trip hazard or risk;

    b.  Detecting, removing or otherwise remedying hazardous conditions on the Premises floor that posed a slip / trip hazard or risk; and

    c.  Adequately warning invitees about specific hazards on the Premises, including slip/trip hazards on the floor, to enable invitees to avoid harm.

28.    At all material times, Plaintiff was Defendant's invitee.

29.    The dangerous condition that caused Plaintiff to fall existed on the Premises for a sufficient length of time that Defendants knew, or in the exercise of reasonable care should have known, about the dangerous condition and failed to repair, remove or otherwise remedy the hazardous condition or defect; and/or failed to give adequate warning to invitees of the dangerous condition the defect created.

30.    Because Defendants had notice of the dangerous condition and controlled the condition of the Premises, Defendants and their employees, contractors, agents and representatives had a duty to repair the dangerous condition, remove the dangerous condition, or to warn invitees of the dangerous condition because it posed a foreseeable and an unreasonable risk of harm to invitees' safety, including Plaintiff herein.

31.    Defendants breached their duty to Plaintiff when they negligently failed to adequately repair the dangerous condition, remove the dangerous condition, and/or to warn invitees of the dangerous condition and the foreseeable and unreasonable risk of harm to the safety of Defendant's invitees, including Plaintiff.

32.    As a direct and proximate result of Defendants' negligent failure to keep the Premises safe, remove, remedy, or warn Plaintiff about the dangerous condition Plaintiff slipped or tripped on the dangerous condition and was injured.

33.    Defendants acted in bad faith, have been stubbornly litigious and/or have caused Plaintiff

unnecessary trouble and expense and, accordingly, are liable to Plaintiff for attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff demands judgment against Defendants and further, Plaintiff prays:

a. That process issue requiring Defendants to appear and answer Plaintiff's allegations;

b. That Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury;

c. That Plaintiff be granted a **trial by jury** of twelve persons for all issues so triable;

d. That Plaintiff recover all damages allowable and recoverable under applicable law in amounts to be determined by a jury;

e. That Plaintiff recover general and special damages in amounts to be proved at trial;

f. That Plaintiff be granted Attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

g. That this Honorable Court order such other and further relief as the Court deems just and proper.

This 28th day of April, 2023.

Respectfully Submitted,


_____ /s/ Cody M. Allen _____
Cody Allen, Esq.
Georgia Bar Number 998818
Attorney for Plaintiff

2023CV01005

MORGAN & MORGAN ATLANTA PLLC
P.O. Box 57007
Atlanta, Georgia 30343-1007
Telephone:     (762) 240-9459
Facsimile:      (762) 240-9507

2023CV01005
2023CV01005

e-Filed 4/28/2023 6:15 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Shalonda Green

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LATESIA ALLEN,

                 Plaintiff,

v.

WAL-MART STORES EAST, LP; ABC CORPS
#1-3;

AND JOHN DOES #1-3

                 Defendants.

CIVIL ACTION

FILE NO.: 2023CV01005

**JURY TRIAL DEMANDED**

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

WAL-MART STORES EAST, LP
The Corporation Company (FL)
106 Colony Park Dr Ste 800-B
Cumming, GA 30040-2794

       You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

                     Cody Allen, Esquire
                MORGAN & MORGAN
                Post Office Box 57007
                Atlanta, GA 30343-1007

An answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

       This 28th day of April, 2023.

                            Clerk of Superior/State Court

2023CV01005
2023CV01005                                              e-Filed 4/28/2023 6:15 PM

## General Civil and Domestic Relations Case Filing Information Form

*Tiki Brown*

☐ **Superior or** ■ **State Court of Clayton County**

Tiki Brown
Clerk of State Court
Clayton County, Georgia
Shalonda Green

| For Clerk Use Only | | | |
|---|---|---|---|
| Date Filed | 5/1/2023 | Case Number | 2023CV01005 |
| | MM-DD-YYYY | | |

### Plaintiff(s)

Allen, Latesia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

### Defendant(s)

Wal-Mart Stores East, LP

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

ABC CORPS 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

AND JOHN DOES 1-3

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Plaintiff's Attorney <u>Cody Allen</u>          Bar Number <u>998818</u>          Self-Represented ☐

### Check One Case Type in One Box

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☐ Automobile Tort | ☐ Adoption |
| ☐ Civil Appeal | ☐ Dissolution/Divorce/Separate Maintenance |
| ☐ Contract | ☐ Family Violence Petition |
| ☐ Garnishment | ☐ Paternity/Legitimation |
| ■ General Tort | ☐ Support – IV-D |
| ☐ Habeas Corpus | ☐ Support – Private (non-IV-D) |
| ☐ Injunction/Mandamus/Other Writ | ☐ Other Domestic Relations |
| ☐ Landlord/Tenant | |
| ☐ Medical Malpractice Tort | |
| ☐ Product Liability Tort | |
| ☐ Real Property | **Post-Judgment – Check One Case Type** |
| ☐ Restraining Petition | ☐ Contempt |
| ☐ Other General Civil | ☐ Non-payment of child support, medical support, or alimony |
| | ☐ Modification |
| | ☐ Other/Administrative |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
       Case Number                        Case Number

■ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                    Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LATESIA ALLEN,                              )
                                 )

     Plaintiff,                          )
                                 )     Civil Action File

vs.                                        )     No. 2023CV01005
                                 )

WALMART STORES EAST, LP:                    )
ABC CORPS #1-3; AND JOHN                    )
DOES #1-3,                                  )
                                 )

     Defendants.                        )

### WAL-MART STORES EAST, LP.'S ANSWER
### AND JURY TRIAL DEMAND

COMES NOW, Wal-Mart Stores East, LP., incorrectly identified as Walmart Stores East,

LP. (hereinafter, "Walmart"), by and through counsel of record, files this Answer to Plaintiff's

Complaint and shows as follows:

### FIRST DEFENSE

This Court lacks personal jurisdiction over Walmart.

### SECOND DEFENSE

Venue is improper.

### THIRD DEFENSE

Service of process is insufficient.

### FOURTH DEFENSE

Plaintiff's claim fails to state a claim upon which relief can be granted.

### FIFTH DEFENSE

Plaintiff has failed to specifically state items of special damages sought in this action

pursuant to O.C.G.A. § 9-11-9(g).

### SIXTH DEFENSE

Plaintiff's claim is barred by the doctrine of assumption of risk.

2023CV01205

## SEVENTH DEFENSE

Plaintiff's claim is barred by the doctrine of contributory negligence.

## EIGHTH DEFENSE

Plaintiff's claim is barred by the doctrine of duress.

## NINTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for attorney's fees and expenses of litigation.

## TENTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted for punitive damages.

## ELEVENTH DEFENSE

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Defendant Walmart answers:

1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

2.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

4.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

5.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

6.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

7.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated. Walmart admits that at all material times it controlled and operated the subject store location where Plaintiff's injuries are alleged to have occurred.

8.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

9.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

10.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

11.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

14.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

15.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

16.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

18.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

19.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

20.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

21.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

22.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

23.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

24.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

25.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated. Walmart admits that at all material times it controlled and operated the subject store location where Plaintiff's injuries are alleged to have occurred.

26.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

27.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

28.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

29.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

30.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

31.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

32.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

33.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

34.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a) that Plaintiff's Complaint be dismissed;

b) that Walmart have judgment in their favor;

c) that Walmart have a trial by jury of twelve persons; and

2023CV01205

d) that Walmart have all other proper relief.

This <u>22</u> day of June, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

<u>/s/ Matthew J. Hurst</u>
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Wal-Mart Stores East, LP.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@wachp.com

## CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed WAL-MART STORE EAST, LP.'S ANSWER AND JURY TRIAL DEMAND with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the following attorney(s) of records:

Cody M. Allen, Esq.
Morgan & Morgan Atlanta, PLLC
P.O. Box 57007
Atlanta, GA  30343
callen@forthepeople.com

This 22 day of June, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Wal-Mart Stores East, LP.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
MHurst@wachp.com

Page **7** of **7**

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Waukecia Lawrence**

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

LATESIA ALLEN,                          )
                                        )
        Plaintiff,                      )
                                        )        Civil Action File
vs.                                     )        No. 2023CV01005
                                        )
WALMART STORES EAST, LP:                )
ABC CORPS #1-3; AND JOHN DOES #1-3, )
                                        )
        Defendant.                      )

## AMENDED NOTICE OF REQUEST FOR LEAVE OF ABSENCE

COMES NOW **Matthew J. Hurst** and respectfully notifies all Judges before whom he has cases pending, all affected clerks of court, and all opposing counsel that he will be on leave pursuant to Georgia Uniform Court Rule 16.

1.      The periods of leave during which Applicant will be away from the practice of law are as follows:

August 16, 2023 – August 22, 2023;        November 17, 2023 – November 27, 2023; and
October 4, 2023 – October 9, 2023;        December 18, 2023 – December 29, 2023.

2.      All affected judges and opposing counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the request for leave shall be granted.

Respectfully submitted June 28, 2023.

                        WALDON ADELMAN CASTILLA
                        HIESTAND & PROUT

                        /s/ Matthew Hurst
                        Matthew J. Hurst
                        Georgia Bar No. 480267

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@wachp.com

2023CV01905

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed NOTICE OF REQUEST FOR LEAVE OF ABSENCE with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic filing service provider which will automatically send e-mail notification of such filing to the attorney(s) of record.

Respectfully submitted June 28, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Matthew Hurst
Matthew J. Hurst
Georgia Bar No. 480267

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@wachp.com

2023CV01005

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
06/07/2023
CT Log Number 544019017

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP (Delaware)  (Assumed Name)  (Domestic State: DE)
Wal-Mart Stores East, LP (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ALLEN LATESIA // To: Wal-Mart Stores East, LP<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment(s), Complaint, First Set(s) of Interrogatories and Request(s), First Request(s), Certificate(s) |
| **COURT/AGENCY:** | Clayton County - State Court, GA<br>Case # 2023CV01005 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 08/14/2022, Walmart in Riverdale, GA |
| **PROCESS SERVED ON:** | The Corporation Company (FL), Cumming, GA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/07/2023 at 14:12 |
| **JURISDICTION SERVED:** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Cody Allen<br>Morgan & Morgan<br>Post Office Box 57007<br>Atlanta, GA 30343<br>762-240-9459 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/07/2023, Expected Purge Date: 06/17/2023<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | The Corporation Company (FL)<br>106 Colony Park Drive STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

*Tiki Brown*

**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Latasha Currie

## IN THE STATE COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

LATESIA ALLEN,                          )
                                        )
          Plaintiff,                    )
                                        )        Civil Action File
vs.                                     )        No. 2023CV01005
                                        )
WALMART STORES EAST, LP:                )
ABC CORPS #1-3; AND JOHN DOES #1-3, )
                                        )
          Defendants.                   )

## WAL-MART STORES EAST, LP.'S NOTICE OF FILING PETITION FOR REMOVAL

Defendant Wal-Mart Stores East, LP., incorrectly identified as Walmart Stores East, LP.,

by and through counsel, files this notice to all parties pursuant to 28 U.S.C. § 1446(a) that it has

filed its Petition of Removal of this action to the U.S. District Court, Northern District of

Georgia, Atlanta Division, which was contemporaneously filed with this Notice.

This <u>05</u> day of July, 2023.

                                        WALDON ADELMAN CASTILLA
                                        HIESTAND & PROUT

                                        /s/ Matthew J. Hurst
                                        Matthew J. Hurst
                                        Georgia Bar No. 480267
                                        Attorney for Wal-Mart Stores East, LP.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@wachp.com

2023CV01005

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing NOTICE OF FILING

PETITION FOR REMOVAL with the Clerk of the Court using an O.C.G.A. § 15-6-11 electronic

filing service provider which will automatically send e-mail notification of such filing to the

following attorney(s) of record:

Toya Perkins, Esq.
Morgan & Morgan Atlanta, PLLC
P.O. Box 57007
Atlanta, GA  30343
tperkins@forthepeople.com

This 05 day of July, 2023.

WALDON ADELMAN CASTILLA
HIESTAND & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Wal-Mart Stores East, LP.

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@wachp.com