IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LATESIA ALLEN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:23-cv-03301-LMM |
| WAL-MART STORES EAST, LP, et al., : | |
| : | |
| Defendants. : | |

# **ORDER**

Plaintiff Latesia Allen filed this civil action against Defendant Wal-Mart Stores East, LP ("Wal-Mart") and fictitious defendants the State Court of Clayton County, Georgia. Dkt. No. [1-1] at 2. Wal-Mart subsequently removed the case to this court on July 26, 2023. Dkt. No. [1].

The Court must consider the question of whether it has subject matter jurisdiction to hear a case, regardless of whether it is raised by the parties. See Wooden v. Bd. of Regents, 247 F.3d 1262, 1271 (11th Cir. 2001). Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Wal-Mart's sole asserted basis for removal jurisdiction is diversity.[1] Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "The party wishing to assert diversity jurisdiction bears the burden of establishing that diversity exists." Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992) (citing Cameron v. Hodges, 127 U.S. 322 (1888)). The right to removal is strictly construed, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013) (internal quotation marks omitted).

Wal-Mart states facts sufficient to establish that it is a citizen of Delaware and Arkansas. See Dkt. No. [1] ¶ 4. However, Wal-Mart fails to establish the citizenship of Plaintiff because its allegations rely on Plaintiff's residence, but not her domicile, which is required to establish an individual's citizenship. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). One's domicile is his or her place of residence where he or she intends to remain indefinitely. Id.

Accordingly, Wal-Mart is **ORDERED** to file a supplemental statement setting forth facts that establish Plaintiff's domicile and thus her citizenship. See Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Housing, LLC, 713 F. App'x 821, 825 (11th Cir. Oct. 12, 2017) (finding bare statements of citizenship

---

[1] Indeed, there is no basis for federal-question jurisdiction, as the Complaint raises exclusively issues of state law. See Compl., Dkt. No. [1-1] at 2-8.

2

inadequate to establish diversity jurisdiction). Wal-Mart must comply with this Order within **14 days** of its entry. Failure to do so may result in immediate remand of this action. If Wal-Mart does not have Plaintiff's information in its possession, custody, or control, then Plaintiff is **ORDERED** to provide Wal-Mart with the relevant information upon request. The Clerk is **DIRECTED** to resubmit the matter to the undersigned 15 days after the entry of this Order.

**IT IS SO ORDERED** this 31st day of July, 2023.

_____
**Leigh Martin May**
**United States District Judge**